# WILLIAM S. TAYLOR, Trustee, *vs.* MARION R. WELSLAGER.

*Husband and Wife—Suit on Promissory Note Executed by Husband and Wife to Order of Husband—Impeaching Return of Writ of Summons.*

A promissory note executed by husband and wife payable to the order of the husband and by him endorsed in blank is enforceable by the holder against the wife under Code, Art. 45, sec. 2, providing that a married woman may be sued on any contract executed by her jointly with her husband.

In a suit against a married woman, she was returned summoned, and a judgment by default was entered against her. Upon a motion to strike out the judgment made after the lapse of the term at which it was entered, the woman testified that the deputy sheriff, after having served the summons, returned to her house and said that he had summoned the wrong party and that she need not pay any attention to the writ. This was denied by the deputy sheriff who testified that the defendant was duly summoned and a copy of the writ left with her. *Held,* that the evidence of the defendant was insufficient to overthrow the official return, supported as it was by the testimony of the officer.

Appeal from the Superior Court of Baltimore City (RITCHIE, J.)

The cause was submitted to the Court on briefs by:

*Frederick C. Cook* for the appellant.

*Robert H. Smith* and *Harry N. Abercrombie* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The questions in this case arise upon a motion by the appellee, Marion R. Welslager, a married woman, to strike out a judgment rendered against her, in favor of the appellant, in the Superior Court of Baltimore. The judgment

was rendered against James T. Welslager and Marion R., his wife, on the 30th of December, 1896, by default for want of a plea and affidavit of defense and on the same day was extended for the sum of $201.23. The motion for for striking out the judgment was filed on the 31st of July, 1897, and the reasons relied upon and stated by the appellee are as follows :

First, because of the fraud, surprise, deceit and irregularity in obtaining the same.

Second, because the sheriff first having summoned her, returned in a few minutes and said that he had summoned the wrong party, and that she would not have to pay any attention to it ; that he had made a mistake and would have to go and find the right party.

Third, because by the deceit and surprise, this defendant had no opportunity to defend against the said judgment, although she had a meritorious defense.

Fourth, because by the deceit, surprise and irregularity of the sheriff, this defendant was returned summoned,when in fact she was led to believe by the sheriff that a mistake had been made in summoning her, and she was not the person intended.

Fifth, because the appearance of Thomas C. Weeks, Esq., was entered without any authority from her, and without being employed by her.

Sixth, because the said judgment was rendered against this said defendant, Marion R. Welslager, upon a promissory note, purporting to be signed by this defendant jointly with her husband, the said James T. Welslager, but which in fact was never signed by her, or authorized by her to be signed, but her signature thereto was a forgery.

Seventh, because the paper purporting to be the joint note of Marion R. Welslager and James T. Welslager, her husband, to the order of said James T. Welslager, the husband, filed as the cause of action, is void as not being such a joint contract as comes within the terms of the statute authorizing a married woman to make a contract jointly with her husband.

On the 4th of March, 1899, the judgment was stricken out against the appellee, Marion R. Welslager, and it is from this order, that an appeal has been taken.

The suit was instituted on the 26th of November, 1896, by the plaintiff, as endorsee, against the defendants, as joint makers, of the following promissory note:

*Baltimore, Nov.* 13, 1896.

$200.00.

Ten days after date, we promise to pay to the order of James T. Welslager, two hundred dollars at..........., value received.   No. ...   Nov. 13.   Due...........

JAMES T. WELSLAGER,

Endorsed,                    MARION R. WELSLAGER.

JAMES T. WELSLAGER,

A. N. HORNER.

The question here is, whether this cause of action, filed with the declaration in this case, is such a joint contract, within the terms of the statute, authorizing a married woman to contract jointly with her husband.   It will be seen, that the *Act of 1898*, ch. 247, which repeals and re-enacts Art. 45, of the Code, and which works an entire change in the law relating to Husband and Wife, in this State, has no application and does not control the decision of this case.

But by the terms of the *Act of 1872*, ch. 270, (Art. 45, sec. 2, of the Code,) any married woman may be sued jointly with her husband on any contract or agreement which she may have executed jointly with her husband and may employ counsel and defend such action or suit separately or jointly with him.

Looking then to the note in question and the endorsements thereon, we can see no reason why the relief asked by the appellee should have been granted.   While it is true that the note is somewhat unusual in form, but when endorsed by the payee it became a valid contract and was enforceable in the hands of the *bona fide* holder against the

makers.   In *Dunham* v. *Clogg*, 30 Md. 292, it was held, that in the absence of fraud, the maker having signed the note, leaving a blank for the name of the payee, the holder could fill the blank with his own name and endorse it in blank as it was payable to order, which would give to it currency, by simple delivery, and the possession of it in such case would be *prima facie* evidence of title, enabling the holder to sue in his own name.   The same effect is given to the note, under such circumstances as if it had been made payable to bearer.   In *Moses* v. *Lawrence County Bank*, 149 U. S. 302, the Supreme Court held, that a promissory note, having been made payable to the maker's own order, first took effect as a contract upon its endorsement and delivery by the maker to the first taker.   And in *Pitcher* v. *Barrow*, 17 Pickering, 363, it was held, that where a note is made by several persons payable to one of their own number, though payment cannot be enforced at law as between the original parties, yet if it be endorsed to a third person, he may maintain an action upon it.   CHIEF JUSTICE SHAW in delivering the opinion of the Court said : It was a promise by five to pay to two of their own number or their order, and as an original contract it could not be enforced at law, for the obvious reason that the two promisees could not sue themselves as promisors and the other three promisors were not liable without them.   But this is a difficulty attending the remedy only, not the right, and when the note is endorsed by those having a right to endorse it, to one against whom there is no such exception whereby he acquires a legal interest and a right to sue in his own name, the difficulty vanishes.   It is like a note payable to one's own order, which though till endorsement not a good legal contract, becomes such by the endorsement.

And in *Thayer* v. *Buffum*, 11 Metcalf, 399, it is distinctly held that a note made by a partnership to one of its own members or his order, when endorsed, will enable the endorsee to maintain an action upon it.   It is the promise of all to the order or appointee of one, and when the appoint-

ment is made by an indorsement it is a valid contract with the indorsee. A note payable by one to his own order and by him endorsed assumes the character of a contract as soon as it is endorsed to another. *Little* v. *Rogers,* 1 Met. 108.

We think then, that the Court below committed error in holding that the note in question was a void contract, and in striking out the judgment for the reason stated in its order of the 4th of March, 1899.

We come then to the second ground relied upon by the appellee, and that is want of notice or proper service by the sheriff. Now it is admitted by the appellee that she was summoned by the sheriff, but she states that the sheriff returned to her house shortly afterwards and said he had summoned the wrong party and she need not pay any attention to the writ. Mr. Charles Kolhman, the deputy sheriff, testified that he summoned both Mr. and Mrs. Welslager, and left a copy of the writ with them, and in this he is corroborated by the endorsement on the writ. He positively denied in his testimony that any such conversation was had at the time of the service of the writ as was testified to by Mrs. Welslager and the witness Ada Carter. On the contrary, he stated, " I would not under any circumstances have returned the woman summoned if I had not summoned her." In *Anderson* v. *Graff,* 41 Md. 608, it it said, that the rule has long been established that where process has been regularly served upon a party and he has failed to appear and make his defence, and judgment has been regularly entered against him, a strong case must be presented to justify the Court in striking out a judgment after the term has passed.

We think that the testimony on the part of the appellee, in this case, is too uncertain and indefinite in its character to prevail against the return of the officer and his positive testimony. The sixth ground relied upon by the appellee was abandoned at the hearing in the Court below. We find nothing in the other grounds relied upon in this case which entitles the appellee to the relief asked for.

.For the reasons we have given the judgment in this case must stand, so the order appealed from in No. 45 Office Docket, will be reversed.

> *Order reversed and cause remanded with costs.*

(Decided January 9th, 1900).