# J. W. SCOTT COCHRANE.

### vs.

## HELEN BEALL COCHRANE.

*Suit by Wife Against Husband—Statutory Provisions.*

Under Code, art. 45, secs. 5, 20, a married woman may sue for the recovery, security or protection of her property as fully as if she were unmarried, in a court either of equity or law, and she may be sued separately upon her contracts, and for wrongs independent of contract committed by her, as fully as if she were a feme sole.                    pp. 532-534

A married woman may sue her husband at law or in equity for the recovery, security, or protection of her property.

p. 534

*Decided December 1st, 1921.*

Appeal from the Circuit Court for Dorchester County, In Equity (PATTISON, C. J.).

Bill by Helen Beall Cochrane against J. W. Scott Cochrane. From an order overruling a demurrer to the bill, defendant appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, URNER, STOCKBRIDGE, and OFFUTT, JJ.

*J. W. S. Cochrane,* for appellant.

*Henry Lloyd, Jr.,* and *W. Laird Henry, Jr.,* submitting on brief, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Dorchester County, overruling a demurrer to a bill in equity, with leave to the defendant to file an answer to the bill of complaint within ten days from the date thereof.

The bill is filed by a married woman against her husband, for an accounting and a discovery of certain moneys, securities and properties in his hands and possession, belonging to her, and to pay over to her all sums of money wrongfully received by him for her and to deliver to her such securities and other property, now in his hands.

The bill in substance alleges that the plaintiff is the wife of the defendant, having been married to him in the City of Cumberland, Maryland, and that they resided there for a number of years; that she has been for a short time living apart from her husband, making her home in Baltimore City, and he residing in Dorchester County, Maryland.

It is further alleged that, in the year 1906, the defendant, without the consent of the plaintiff, wrongfully acquired and took possession of property and securities of the plaintiff, consisting of certain promissory notes, and also certain mortgages on real estate situate in Allegany County, Maryland; these notes and mortgages, amounting in the aggregate to the sum of $10,390, and to the best of the knowledge and belief of the plaintiff executed by and given by certain persons, set out in the bill.

The bill also alleges that the defendant, since the wrongful acquisition of his possession of her property in 1906, down to the present time, has controlled and managed the same, without rendering to your plaintiff a proper account of the principal and income derived from it, and without making to her any proper payment of the principal received by him or the interest collected thereon.

The bill further charges that the defendant has paid to the plaintiff various sums of money, at different times, during the years from 1906 to the present time, that the defendant rendered to the plaintiff a statement purporting to give the sums of money received and the moneys expended by him, between the dates July 18th, 1906, and April 30th, 1918, but the statement was manifestly inaccurate and incorrect; that he also paid to her, on the 30th of June, 1920,

the sum of $2,727.51, but that this payment was not a settlement in full, but there is still a large sum of money rightfully due to her, the payment of which she has demanded, but which has been refused by him, and he has also refused to restore and deliver to her the securities now in his possession and belonging to her.

The prayer of the bill is, first, that the defendant may on oath answer the bill, and discover and set forth in detail all sums received by him, and all disbursements made by him, together with the moneys or securities of the plaintiff now in his possession, accounting from the first day of July, 1906, to the date of this bill, and account with the plaintiff for the same; second, that the defendant may be decreed to pay over unto the plaintiff all sums of money due to her on account of the property wrongfully taken charge of by him; and third, a prayer for general relief.

The defendant filed a demurrer to the bill, and assigned two grounds as cause of demurrer: first, that the plaintiff is the lawful wife of the defendant, as alleged in the bill, and cannot sue her husband; and second, that no express promise is alleged in the bill to repay or to refund the moneys alleged to have been taken possession of by the defendant.

It has long been settled, in this State, that the relation of debtor and creditor may exist between husband and wife, and as, under the Code, the wife is vested with the legal title to her separate estate, she can maintain an action for the recovery, security or protection of her property. *Barton* v. *Barton,* 32 Md. 214; *Odend'hal* v. *Devlin,* 48 Md. 439.

In *Wilson* v. *Wilson,* 86 Md. 638, decided on January 5th, 1898, it was said that the weight of authority seems to be that either the husband or wife can sue the other in equity for protection of his or her property.

In *Masterman* v. *Masterman,* 129 Md. 176, decided on June 23rd, 1916, it is distinctly said that there would seem to be no doubt about the right of the wife to sue the husband in equity. Section 5 of article 45 authorizes married women

to sue for the recovery, security or protection of their prop-'
erty, and if section 20 of that article be not applicable, it
would seem that the plaintiff could sue her husband as well
as any other person for the protection of her property under
section 5 of the article.    *Hill* v. *Boland,* 125 Md. 116; *Tay-
lor* v. *Welslager,* 90 Md. 409; 1 *Poe, Pl. & Pr.,* secs. 344-
347; *Lyell* v. *Walbach,* 113 Md. 578.

It will be seen that a complete change was made and ef-
fected in the law as to the rights of married women in this
State by chapter 457 of the acts of 1898, and by chapter 633
of the acts of 1900, and now embraced as sections 5 and 20
of article 45, entitled "Husband and Wife," Bagby's Code,
vol. 1, page 1163.

By section 5 of article 45 of the Code, it is provided:

"Married women shall have power to engage in any
business, and to contract, whether engaged in busi-
ness or not, and to sue upon their contracts, 'and also
to sue for the recovery, security or protection of their
property, and for torts committed against them, as
fully as if they were unmarried; contracts may also
be made with them, and they may also be sued sepa-
rately upon their contracts, whether made before or
during marriage, and for wrongs independent of con-
tract committed by them before or during their mar-
riage, as fully as if they were unmarried; and upon
judgments recovered against them, execution may be
issued as if they were unmarried; nor shall any hus-
band be liable upon any contract made by his wife
in her own name and upon her own responsibility,
nor for any tort committed separately by her out of
his presence, without his participation or sanction."

And by section 20 of article 45 of the Code (section 19A,
chapter 633, acts 1900), it is also provided that:

"A married woman may contract with her hus-
band or with any other person or persons in the
same manner as if she were a feme sole, and upon all
such contracts, partnership or otherwise, a married

woman may sue and be sued as fully as if she were
a feme sole."

It was clear, we think, both under the Code and upon the
authorities that have been cited, that even prior to the pas-
sage of the acts of 1898 and 1900, now sections 5 and 20
of article 45 of the Code, that either the wife or the husband
could sue the other and maintain an action in a court of
equity for the protection of his or her property.

It seems also now well settled, upon a proper construction
of sections 5 and 20 of article 45 of the Code, set out herein,
that a married woman in this State may sue for the recovery,
security, or protection of her property as fully as if she were
unmarried, either in a court of equity or in a court of law,
and she may also be sued separately upon her contracts, and
for wrongs independent of contract committed by her, as fully
as if she were a *feme sole*.

By section 20 of article 45 of the Code, it is specially pro-
vided that a married woman may contract with her husband,
or with any other person, in the same manner as if she were
a *feme sole*, and upon all such contracts or otherwise she may
sue or be sued as fully as if she were a *feme sole*, and this
means that she may sue or be sued either in a court of law
or a court of equity, as the nature of the case may require.

So without stopping to review the averments of the bill,
which have been clearly stated in the previous part of this
opinion, we think, the facts alleged therein are sufficient to
sustain the relief sought by the bill, if they can be supported
by proper proof, and the court below, therefore, committed no
error in overruling the demurrer and requiring the defendant
to answer the plaintiff's bill.

For the reasons stated, the order of the court below will be
affirmed.

*Order affirmed, the cause remanded, with
costs to the appellee.*