APPEAL OF JAMES C. MURPHY AND MERCANTILE TRUST & DEPOSIT CO. OF BALTIMORE, EXECUTORS, ESTATE OF JOHN H. WINDFELDER

Docket No. 4166.   Promulgated December 30, 1926.

Common-law doctrine of estates by the entirety obtains in Maryland, and upon the death of one spouse there is no transfer of any part of such estate to the survivor; hence there is nothing upon which to impose an estate tax under the Revenue Act of 1921.

*John F. Greaney, Esq.*, for the Commissioner.

This is an appeal from the determination of a deficiency in estate tax under the Revenue Act of 1921, in the amount of $445.43, of which only a part is in controversy. The question presented by the case is whether the value of real estate, owned by the decedent and his wife as tenants by the entirety at the time of decedent's death, should be included in the gross estate of decedent for estate-tax purposes. The facts were stipulated.

FINDINGS OF FACT.

John H. Windfelder died on April 5, 1923, leaving a will which was duly admitted to probate, and the executors who bring this appeal were appointed by the Orphans' Court of Baltimore City, Md.

In May, 1912, Amalia H. Windfelder, wife of the decedent, took title to property known as 121 Hawthorne Road, Roland Park, Md., which she thereafter held until about January 9, 1923, when title was taken in her name and the name of the decedent as tenants by the entirety, the title being so held at the time of the death of the decedent.

The executors of decedent's estate duly filed an estate-tax return. The Commissioner added to the gross estate reported in the return the value of the property hereinbefore mentioned.

### OPINION.

ARUNDELL: The Commissioner admits that the title to the land here involved was held at the time of the death of the decedent by the decedent and his wife as tenants by the entirety. While it would seem, therefore, to be unnecessary to make any determination as to the status of such titles in the State of Maryland, we will, in order to make ourselves perfectly clear on the subject, give briefly what we have found with respect to tenancies by the entirety.

Article 5 of the Constitution of Maryland provides that the common law shall obtain in that State subject to modification or repeal by the State legislature. From the decisions of the Maryland courts it would seem that the common-law doctrine of estates by the entirety has never been changed by the statutes of the State. In *McCubbin* v. *Stanford* (1897), 85 Md. 378; 37 Atl. 214, it is stated,

The common law on this point [estates by the entirety] has never been changed in this state. *Marburg* v. *Cole*, 49 Md. 411.

In *Brewer* v. *Bowersox*, 92 Md. 567; 48 Atl. 1060, after stating the common-law reasons underlying an estate by the entirety, the court says:

This estate, with its incidents, continues in Maryland as it existed at the common law. [Citing *McCubbin* v. *Stanford, supra*.] It differs materially from all other tenancies. The right of survivorship, which is one of its chief incidents, cannot be destroyed, except by the joint act of the two, and upon the death of either the other succeeds to the entire property or fund.

In *Ades* v. *Caplan* (1918), 132 Md. 66; 103 Atl. 94, 95, we find this statement:

Tenants by the entireties are, in the contemplation of the common law, which is the law of this state, but one person, and hence they take, not by moieties, but the entirety. They are each seized of the entirety, and the survivor takes the whole. *Marbury* v. *Cole*, 49 Md. 411, 33 Am. Rep. 266.

In the case of *Safe Deposit & Trust Co.* v. *Tait* (U. S. Dist. Ct., District of Maryland, Dec. 19, 1923), 295 Fed. 429, it is said:

A tenancy by the entireties is created by a conveyance to husband and wife, whereupon each becomes seized and possessed of the entire estate, and after the death of one the survivor continues to take the whole.

In view of what we have said so far as to estates by the entirety in Maryland, the decision in this case is governed by that in *Appeal of Susie M. Root*, 5 B. T. A. 696, holding that in the State of Missouri, where the common-law doctrine as to such estates obtains, there is no transfer of interest or estate to the survivor on the death of either spouse, hence there is nothing upon which to impose a tax.

At the hearing counsel for the Commissioner pointed out that title to the property here involved was taken by decedent and his wife as tenants by the entirety after the Revenue Act of 1921 was enacted, and contended that by reason of that fact the decision in *Blount* v. *United States*, 59 Ct. Cls. 328, was not applicable to the present case. In that case the grant of the estate by the entireties took place prior to the enactment of the statute under which the additional tax was asserted. We considered the same distinction in *Appeal of Root, supra*, and held that—

In our opinion the fact that the conveyance of the land in question here was made to H. L. Root and his wife subsequent to the enactment of the Revenue Act of 1921 does not alter the case.

The Commissioner contends that the wife acquired the property involved in 1912 as a gift from her husband and that therefore the property does not come within the exception set forth in section 402(d) of the Revenue Act of 1921. We do not believe that we need consider the method by which the wife acquired title to the property. Our only concern here is as to the manner in which the property was held at the time of death of the decedent. To determine this, in the absence of fraud or attempted evasion of taxes, we need go back no further than the acts or instrument of January 9, 1923, which placed the title in decedent and his wife as tenants by the entirety.

*Judgment will be entered on 15 days' notice, under Rule 50.*