FRANK TIZER ET AL. *v.* MARY TIZER ET AL.
[No. 58, January Term, 1932.]

490

*Decided April 29th, 1932.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Louis Hollander*, submitting on brief, for the appellants.

DIGGES, J., delivered the opinion of the Court.

The appellants and the appellees, on June 9th, 1930, entered into the following agreement, which was signed and sworn to before and witnessed by a notary public:

"Turner Sta., Maryland.          June 9, 1930.
          "Agreement.
    "Between Frank Tizer, Steve, Mary and Agnes,
                property owners.

"The house is located at Turner Sta., Maryland Ave., Balnew Md. on lots numbered 84 and 85.

"John Nagy, Mary Tizer, and Agnes Tizer have made preparations to rent the building.
                "Terms.

"(1) The rent for the first five years will be $100.00 each month until June 15, 1935. From June 15, 1935 to June 15, 1940 the rent will be raised to $110.00 each month. The property owners will not be able to raise the rent until after the term of the agreement

expires. The rent must be payable on the 15th of every month.

"(2) The property owners may sell the building, but the new owners will have to keep the same agreement, which is unchangeable.

"(3) This agreement will go into effect on June 15, 1930—until June 15, 1940. The agreement will run in a term of ten years.

"(4) When the term of ten years is over the tenants will—have the first rights to open up a new business under a new agreement.

"(5) The property owners must turn the building over to the tenants in good condition, and must keep it in a good condition through the ten year term making all repairs necessary and in three years time they must build a garage.

"(6) The property owners require the tenants to obey the rules of the State of Maryland. They are in no way responsible for any of the State rules broken.

"(7) When the tenants decide on selling the business, the property owners will leave them at their liberty.

"Signed and sworn to this 9th day of June, 1931.

"Frank Tizer,

"Steve Tizer,

"X Mrs. Mary Tizer,

"Mrs. Agnes Tizer,

"John Nagy.

"James K. Weeder, Notary Public."

The case comes to this court on appeal from the Circuit Court for Baltimore County, from a judgment of that court on its verdict, sitting as a jury, in favor of the appellees. The action was one of replevin by the appellees for the recovery of certain goods and chattels which had been distrained by the appellants for rent alleged to have been due and in arrears in respect to the tenancy alleged to have been created by the above agreement.

The facts as appearing from the record are: That the property covered by the lease is owned by Frank Tizer and Steve

Tizer, the appellants, and their respective wives, as tenants by the entirety, each pair being entitled to a half interest as tenants in common, and said respective half interests being held by the entirety; that there are two lots covered by the lease, Nos. 84 and 85, upon which two lots, or a portion of both lots, there is erected a building which under the agreement was to be occupied by the appellees during the term of the lease as a restaurant; that the appellees took possession of the property under the agreement, which became effective June 15th, 1930, and continued to occupy it until the 14th day of November, 1930, without paying the rent as stipulated in the agreement, which was $100 per month; that the appellants, on the 18th of November, 1930, through their bailiff, distrained the chattels and personal property, belonging to the appellees and being on the property in question, in satisfaction of five months' rent, amounting to $500; that the property so distrained was replevied by the appellees on November 21st, 1930, and turned over to them by the sheriff.

To the replevin suit the appellants filed pleas, the first being that they did not commit the wrongs alleged; second, that the goods and chattels mentioned in the declaration aforesaid were duly levied upon and seized under a lawful writ of distraint for rent due; and, for a third plea, made avowry, admitting the taking of the property replevied, but justifying the taking under the distraint proceeding for rent due under the terms of the lease or agreement hereinbefore referred to.

To the avowry the appellees filed pleas as follows: First, that at the time of suing out the distress there was no rent due and in arrears; second, that the avowants did not demise the premises to them as alleged; and, third, that the plaintiffs did not hold and possess the premises under a demise from the avowants as their tenants.

Upon these pleadings the case was submitted to the court sitting as a jury, and the avowants offered testimony showing the distraint for rent as having been made regularly and in conformity with the law. They further produced in evidence the agreement of renting, this agreement being produced by the witness Steve Tizer, one of the appellants, who identified

each and every of the signatures thereon, and further testified that he was present and saw the respective parties sign the same; that he had not received any rent; that the rent to be paid was $100 per month, "and the three partners were to pay it, that is the tenants under the agreement who had gone into the restaurant business, into a partnership for the conduct of that business." On cross-examination this witness testified: "Agnes Tizer is my wife, I am collecting rent from her and Frank Tizer's wife and John Nagy; she is manager and owner; and Mary Tizer mentioned as a property owner in the agreement is Frank Tizer's wife, and witness and Frank Tizer were brothers; that there are two lots under the restaurant; those lots are owned by Frank Tizer, Mary Tizer * * * the two Tizers and wives." At this point the record states: "It was here admitted that the property covered by the lease in this case is owned by Frank Tizer and Steve Tizer and their respective wives as tenants by the entireties; each pair being entitled to half interest as tenants in common and said respective half interests being held by the entireties." The witness, continuing his testimony, said: "The numbers of the two lots under this building are 84 and 85; witness could not tell for sure who owns number 84; witness and Agnes Tizer own one of those lots, the deed is in their two names and the other lot is in the name of Frank Tizer and Mary Tizer; there are two separate deeds, they were made out simultaneously; and thereupon attorney for defendants (avowants) excepted to the character of evidence just hereinbefore reported and the court overruled said objection." This constitutes the first exception.

The second and final exception is to the action of the court in granting, at the close of the avowants' case, the following prayer: "The plaintiff prays the court, sitting as a jury, to instruct itself that there has been no evidence offered in this case legally sufficient to entitle the defendants to recover and its verdict must therefore be for the plaintiffs for the goods mentioned in the declaration."

It will be seen that the record presents a case of two brothers owning, together with their respective wives as tenants by

the entirety, two adjoining lots in Baltimore county; that there was erected by the owners a building which covered all or a portion of both lots; that the two wives, together with the other appellee, Nagy, desired to use this building for the conduct of a restaurant business therein; whereupon the agreement or lease of June 9th, 1930, was entered into, the lessors being the two husbands and their wives, property owners, and the lessees being the two wives and Nagy. There is no dispute that the lessees went into possession on the 15th day of June, and so remained, without the payment of rent, until the date of the distress proceedings. We have, therefore, a case of husband and wife, owning land as tenants by the entirety, renting to the wife the entirety property.

The question presented for decision by the second exception is, first, whether or not the relationship of landlord and tenant can exist between tenants by the entirety in respect to the entirety property; and, if this question be answered in the negative, second, are the appellees, the tenants, entitled on this record to make such defense?

It is firmly established as a general proposition, and particularly in this state, that a tenant is estopped to deny his landlord's title; or, in other words, that a party consenting to hold as lessee cannot afterwards deny the title of his acknowledged landlord. *Goodsell v. Lawson,* 42 Md. 348, at page 371; *Anderson v. Critcher,* 11 G. & J. 450; *Giles v. Ebsworth,* 10 Md. 333, at page 344; *Funk v. Kincaid,* 5 Md. 404; *Alexander v. Walter,* 8 Gill, 189; *Stott v. Rutherford,* 92 U. S. 110, 23 L. Ed. 486; *Isaac's Lessee v. Clarke,* 2 Gill, 1. This rule is so firmly fixed and universally applied that it would serve no purpose to here repeat the sound reasons upon which the rule rests.

Deciding the exceptions in the order stated, the court's action to which the first exception was taken was the overruling of an objection "to the character of evidence just hereinbefore reported." The form in which this objection was made cannot be approved, because of its indefiniteness and lack of certainty. It fails to apprise the appellate court of the exact ruling made by the trial court. It is impossible for us to say

what the trial court considered "evidence just hereinbefore reported," whether it was the last question and answer of the witness, or a considerable part of his testimony. Without regard to the form of this objection, we assume that the only purpose could be to exclude the testimony given by the witness in respect to the holding of the property by entirety. If this be true, and the trial court had sustained the objection, there would still remain in the record the admission by both parties as to the property in question being owned as tenants by the entirety.

The rule which estops a tenant from denying his landlord's title is enforced and made effective by seasonable objection on the part of the landlord to evidence offered for that purpose by the tenant, and does not apply to cases where the landlord himself either proves or admits a condition of title which would preclude the creation of the relationship of landlord and tenant. The testimony and admissions of the appellants (landlords) which are properly before the court establish a tenancy by the entirety in respect to the rented property. We have, then, competent proof that a tenancy by the entirety exists in respect to the property in question in this case, wherein, under the lease or contract of renting, the husbands and wives are the lessors and the wives are the lessees. We are of the opinion that the relationship of landlord and tenant cannot be created as here attempted by the lease of June 9th, 1930. It is clear that no valid renting of the property could have been made by the husbands without the wives joining as lessors, because the wives are as much the owners of the property as the husbands. It is the same person being lessor and lessee under the same lease, and is equivalent to the owner of the property renting that property to himself. The estate is neither that of the husband with his wife, nor of the wife with her husband, but of husband and wife as one person. Keeping in mind the nature of this estate, and the former decisions of this court in *Marburg v. Cole,* 49 Md. 402; *McCubbin v. Stanford,* 85 Md. 378, 37 A. 214; *Brewer v. Bowersox,* 92 Md. 567, 48 A. 1060; *Jordan v. Reynolds,* 105 Md. 288, 66 A. 37; *Reed v. Reed,* 109 Md. 690, 72 A. 414; *Frey*

*v. McGaw*, 127 Md. 23, 95 A. 960; *Stieff Co. v. Ullrich*, 110 Md. 634, 73 A. 874; and *Masterman v. Masterman*, 129 Md. 167, 98 A. 537, no conveyance of property so held can be made except by the joint act of the husband and wife, and this includes conveyance by way of lease as well as by fee simple deed or mortgage. In this case we have the conveyance made by all of the parties holding as tenants by the entirety, which would constitute a good lease if the lessees were not persons who were also necessarily lessors. The attempted lease of property by the owner, as lessor, to himself as lessee, constitutes an incongruity which the law cannot sanction. It creates the same situation as that presented where one person is at the same time grantor and grantee in a deed, which, if attempted, would result in conveying nothing, because, if the grantee owned the property, he could derive no further or better title by a conveyance from himself. So in this case, the wives being entitled to the use and occupation of the entirety property before the execution of the lease, they can acquire no better or greater right to occupy it by a lease to them executed by themselves jointly with their respective husbands.

For the reasons stated, the judgment must be affirmed.

*Judgment affirmed, with costs to the appellees.*

---

PARKE, J., filed a dissenting opinion as follows:

The facts on this record are stated in the decision of the court. They present this situation. A and B, his wife, are seised and possessed as tenants by entireties of X, a lot of land; and C and D, his wife, are seised and possessed as tenants by entireties of Y, a contiguous lot of land. These lots are improved by a building which covers both lots. Although the building is upon both lots, the division line between lots X and Y is the property line dividing the ownership of the building, so the improvement, which is a part of the realty, is held according to the respective boundary lines of the lots. B, the wife of A, D, the wife of C, and E formed a co-

partnership for the purpose of carrying on a business in the building, and, for that purpose, A and B, his wife, and C and D, his wife, executed in writing and delivered to B, D, and E a lease of lots X and Y for a definite term, upon a specific yearly money rent, payable monthly by B, D and E, the tenants, to A, B, C, and D, the landlords. It has been determined by this court that this lease is invalid, and the reasons are clearly stated by Judge Digges, who wrote the prevailing opinion.

The argument is that one seised and possessed in severalty of a parcel of land cannot make a valid demise of the parcel to himself any more than he could a grant to himself; and that the lease in the present instance having been made by four tenants by entireties to the wives of the two husbands and E, a third person, no leashold estate was created, because the husband and wife, in contemplation of the common law, are but one person, and hence they take, not by moieties, but are both seised of the entirety, the survivor to take the whole; and, therefore, the husband and wife cannot grant to the other an estate of which that other is not already seised.

The application of this reasoning to the present record involves, it is submitted, a two-fold fallacy.

The subject-matter of the demise is not single but compound, since it is not one parcel of land which the four lessors attempted to demise, but a combination of two adjacent, but separately owned, parcels. Hence, there was let one parcel of land in which neither pair of spouses had any interest or estate. B, one of the lessees, was a tenant by entireties in lot X, but had neither estate nor interest in lot Y, and, conversely, D, one of the lessees, was a tenant by entireties in lot Y, but had neither estate nor interest in lot X; and E, the third lessee, had neither interest nor estate in either of the lots X and Y. It follows that a demise of lots X and Y by A and B, who were seised as tenants by the entirety of lot X, and by C and D, who were seised as tenants by the entirety of lot Y, to the lessees, B, D, and E, was not a demise of an estate in land which was owned by the four lessors either in common or as joint tenants, or, *ex necessitate*

*rei,* as tenants by the entirety; and, therefore, the letting to B, D, and E was not an attempt to create a less or inferior estate or interest in the same land of which the lessees were seised or possessed by an estate in common, in joint tenancy, or in tenancy by entireties. In short, the letting of lots X and Y to B and D did create in these lessees a leasehold interest or term in one of the parcels of land in which they, jointly or singly, before had no interest or estate whatsoever, and in E, the co-tenant of B and D, an interest or term in both parcels of land in which he had theretofore no interest or estate of any kind. The condition for the operation of the principle invoked by the majority opinion does not seem to exist.

The second fallacy grows out of a failure to recognize that, where the lands or estates therein are not held in severalty but by two or more persons having undivided interests which involve, or may involve, a co-possession of the land, these persons, as between themselves, are each entitled to a share of the rents, issues, and profits. *Tiffany on Real Property* (2nd Ed.), sec. 191; *Williams on Real Property* (21st Ed.), 136; 4 *Kent's Commentaries,* 359. If, however, the co-owners are husband and wife deriving their title under the same instrument, the husband, having in common law the right to control and dispose of his wife's land during his life, was entitled to all the rents and profits of land held by entireties, and could convey the land so as to divest his wife of all right of possession during his life, but by statute the husband's right is now so limited, and that of the wife enlarged, that the husband can no longer assert an exclusive right to the rents and profits or divest his wife of the right to share therein (*Tiffany on Real Property,* 2nd Ed., sec. 194, p. 652), but the wife has a right to share equally with the husband in the rents and profits (*Masterman v. Masterman,* 129 Md. 167, 173-179, 98 A. 537). The effect, therefore, of the statutes is to enable certain things to be done which could not be done at the common law. *Cochrane v. Cochrane,* 139 Md. 530, 532-534, 115 A. 811. And compare *Woodfall on Landlord and Tenant* (21st Ed.), 54, 55.

The Constitution (1867) of Maryland expressly declares that the property of the wife shall be protected against the debts of husband. Article 3, section 43, of Constitution, vol. 1, p. 100 of Code. Pursuant to this mandate, the Legislature has enacted appropriate laws which are found in article 45 of the Code. These statutes have been held not to affect the nature of an estate by entireties at the common law. *Marburg v. Cole,* 49 Md. 402, 412, 413; *Fladung v. Rose,* 58 Md. 21; *McCubbin v. Stanford,* 85 Md. 390, 37 A. 214; *Brewer v. Bowersox,* 92 Md. 572, 48 A. 1060; *Clark v. Wootton,* 63 Md. 113, 117-119; *Jordan v. Reynolds,* 105 Md. 288, 293, 66 A. 37. However, the husband and wife are distinct and individual persons, and, as early noted in *Fladung v. Rose,* 58 Md. 13, 24, the legal unity of man and wife, by reason of statutory changes with respect to their relative rights and disabilities, does not exist precisely as it did at common law. *Masterman v. Masterman,* 129 Md. 167, 173, 175, 98 A. 537; *Cochrane v. Cochrane,* 139 Md. 530, 532-534, 115 A. 811. The legal fiction of the oneness of the husband and wife could not destroy their several individuality, nor deny that the use, rent, or yield of the land or personal property held by entireties was, during their joint lives, susceptible to an ultimate several possession, enjoyment, or ownership by the spouses, as they would jointly determine, without this appropriation affecting the nature of their estate in the entirety, and so was not adverse to their joint estate. With the bestowal of the right of a wife to the enjoyment of her separate property, and the statutory removal of the disability of a married woman to contract, and her existing right to sue even her husband, in an action *ex contractu* at law or in a suit in equity, no barrier remained to bar the wife from as complete and equal an enjoyment of an estate by the entirety as that possessed by the husband. So, it is a logical consequence of the legislation with respect to married women, and the nature of their concurrent estate, when a tenancy by entirety exists, that, with reference to the rents, issues, and profits of the subject of the tenancy, there is a right of gift from one spouse to the other (*Scheidt v. Schermerhorn,* 133 Md. 468, 471, 472, 105 A.

581; *Meyers v. Loan & Sav. Assn.,* 139 Md. 607, 612, 116 A. 453; *Hillwood v. Hillwood,* 159 Md. 167, 174, 175, 150 A. 286), a right of division between them (*Masterman v. Masterman,* 129 Md. 167, 176-179, 98 A. 537; *Whitelock v. Whitelock,* 156 Md. 115, 122, 123, 143 A. 712; *Brell v. Brell,* 143 Md. 443, 450, 451, 122 A. 635), and a right to contract with each other or with third parties. *Abrams v. Eckenrode,* 136 Md. 244, 249, 110 A. 468; Code, art. 45, sec. 20. So, tenants in common and joint tenants, in the enjoyment of their respective estates and not in their destruction, may so act, as, by way of example, one tenant may make a lease to his co-tenant. In *Tiffany on Landlord and Tenant,* sec. 71, at p. 407, Mr. Tiffany, with authority and customary clarity, writes: "A joint tenant or tenant in common may demise his share to his cotenant, thus depriving himself of the right to share in the possession and profits of the land during the term of the demise, and creating the relation of landlord and tenant between them." *Tiffany on Real Property* (2nd Ed.), sec. 197, p. 673, sec. 198, p. 677; *Taylor on Landlord & Tenant* (8th Ed.), secs. 114-116; *Woodfall on Landlord & Tenant* (21st Ed.), 18; *Co. Litt.* 186A; *Bac. Abr. Leases* (I) 5.

It would seem that a joint tenancy is a close analogy to the case at bar, since an estate by entireties is essentially a joint tenancy except as modified by the joint and concurrent tenants being husband and wife, who by the doctrine of the common law are one person. The statutes, however, relating to married women, and their property and contractual rights, have removed, *inter alia,* a former disability during the coverture of the wife, by providing that a married woman may contract with her husband or with any other person or persons in the same manner as if she were a *feme sole,* and upon all such contracts, partnership, or otherwise, a married woman may sue and be sued as fully as if she were a *feme sole. Cochrane v. Cochrane,* 139 Md. 530, 532-534, 115 A. 811; *Furstenburg v. Furstenburg,* 152 Md. 247, 249-253, 136 A. 534; *Code,* art. 45, secs. 21, 17, 5; and see art. 71, sec. 9; art. 56, sec. 43; art. 47, sec. 35. The creation of the relation of landlord and tenant between the husband and the wife,

with reference to the whole tract of land held by them as tenants by entireties, is the formation of a contract of lease (grant) between them whereby the undivided interest of one tenant is demised to the other, so that thereupon the joint possession of the land by both spouses becomes the exclusive possession in enjoyment of a particular spouse for an agreed term which is, however, subject to the effect upon the term of the death of either spouse.

This contract is within the language of the statute, and, by the joint contract of the husband and wife, creates a lease, which is simply one form of enjoyment of the right (unity) of possession of both tenants in the whole property without destroying any of the essential unities of an estate by entireties, because the possession of one tenant under the demise by the joint agreement of both is referable to the possession of the lessors by virtue of the lessors' estate in the land.

A due recognition of the statutory modification of the mutual rights and incapacities of the husband and wife at the common law would, it seems to the writer of this dissent, compel a different conclusion from that reached by the court in the case at bar, particularly as the contractual rights of a third party are involved, since the third lessee is a stranger.