H. L. WHITE v. INTERNATIONAL TEXTBOOK CO., Appellant.

Malicious prosecution: APPEAL: QUESTIONS NOT RAISED BELOW. In an action for malicious prosecution an objection that the prosecution was dismissed at the instance of plaintiff so as to bar his right of action for malicious prosecution can not be raised for the first time on appeal.

Agency: EVIDENCE OF AUTHORITY: HARMLESS ERROR. The admission in evidence of statements of the agent of a party without first showing the agent's authority is harmless, where such authority is subsequently shown.

Malicious prosecution: DAMAGES: EVIDENCE. In this action for malicious prosecution plaintiff's evidence of expense for attorney's fees as the result of defendant's breach of agreement to dismiss the prosecution is held insufficient to authorize a submission of the issue as an element of damage.

Agency: AUTHORITY TO PROSECUTE FOR EMBEZZLEMENT. An agent having no authority to make collections has no implied power to prosecute on behalf of his principal for an embezzlement of collections.

Malicious prosecution: AGENCY: JOINT TORTS. Where a corporation can only be held liable for malicious prosecution by imputing to it malice of its agent, and as a corporation can only act through its agents, it is not liable unless the agent is also liable; and in an action against both a verdict in favor of one and against the other is inconsistent and therefore erroneous.

Verdict: PREJUDICE: PRESUMPTION. Where a verdict is clearly erroneous and there is nothing in the record to rebut such inference it will be presumed to have been the result of prejudice.

*Appeal from Linn District Court.*—HON. MILO P. SMITH, Judge.

WEDNESDAY, JANUARY 11, 1911.

ACTION for malicious prosecution was dismissed as to

defendant Griswold during the trial. The verdict was in favor of defendant Crane and against the International Textbook Company, and judgment was entered accordingly: The company and plaintiff appeal; that of the company being first perfected.—*Reversed*.

*David C. Harrington* and *E. L. Anderson*, for appellant.

*J. N. Hughes* and *C. R. Sutherland*, for appellee.

LADD, J.—The facts are recited in the opinion rendered on the former appeal 144 Iowa, 92. The rulings therein, as the evidence at the last trial did not differ materially from that adduced at the first, must be regarded as the law of the case. Several new points were raised on the last trial and these may be considered.

I. The company's superintendent at Cedar Rapids was O. O. Crane, who caused plaintiff's arrest. After the latter had been in jail several hours, Hench called on Crane and proposed to furnish the money necessary, if Crane would get plaintiff out of jail. Thereupon, at Crane's instance, he was brought to the latter's office and the $89.40 collected for the company, less commissions and compensation for services owing plaintiff, together with $10.40 court costs was paid Crane and plaintiff was released from custody and the prosecution subsequently dismissed. The plaintiff paid the amount required, save $26, which was furnished by Hench. There was still due him from the company a refund of money deposited as security of a display outfit and on bond premium. Payment was made with the understanding that plaintiff was to be released from custody and the criminal prosecution dismissed, and it is contended by the company that, owing to this arrangement, the prosecution was not so terminated

*1. MALICIOUS PROSECUTION: appeal: questions not raised below.*

as to entitle plaintiff to maintain this action.    Authorities
are cited, said to hold that when the discontinuance or
dismissal of criminal proceedings has been brought about
by the procurement of the party prosecuted, or by another
with his consent, without defense, the termination is not
such as is exacted before an action for malicious prosecu-
tion can be maintained.    *Craig v. Ginn,* 3 Pennewill (Del.)
117 (48 Atl. 192, 53 L. R. A. 715, 94 Am. St. Rep. 77);
*Welch v. Cheek,* 125 N. C. 353 (34 S. E. 531); *Langford
v. Railway,* 144 Mass. 431 (11 N. E. 697); *McCormick
v. Sisson,* 7 Cow. (N. Y.) 715; *Brown v. Randall,* 36
Conn. 56 (4 Am. Rep. 35); *Emery v. Ginnau,* 24 Ill.
App. 65.    But defendants admitted in their answer that
the prosecution was dismissed.    They moved that a verdict
be directed in their favor, but not on this ground.    Num-
erous instructions were requested but none touching this
point, nor was it touched in the motion for new trial.
Evidently the question was not presented or ruled by the
trial court, and for this reason can not be raised in this
court for the first time.    For this reason we do not pass
on the question.

II.    The plaintiff had been employed by the company
for eighteen months prior to the time Crane was authorized
by it to prosecute him for embezzlement, and the com-

2. AGENCY: evi-      pany contends that testimony concerning any-
dence of au-      thing said by its division superintendent,
thority: harm-
less error.       Griswold, by whom he was discharged or
its superintendent, Crane, to whom he was required by his
contract to pay all moneys collected by the company, prior
to such authorization, was not admissible for that the
agent's authority had not been shown.    The answer admit-
ted that these were agents of the company and as Griswold
was acting within previously conferred authority in dis-
charging him, and Crane, in his efforts to induce him
to return the money collected; and the evidence of what was
said bore directly on the issue as to whether plaintiff had

appropriated the money to his own use or, without intention so to do, was insisting upon the company allowing or paying to him what it had become obligated to repay upon his discharge as promptly as it was claiming payment from him. If the authority of these agents as admitted by the answer was not broad enough prior to the introduction of this evidence, the defendants subsequently supplied the omission and the error if any, having been cured, was without prejudice.

IV. The day after plaintiff's discharge, he retained an attorney, who telephoned to the justice by whom the warrant was issued and was told that dismissal of the proceedings had not been entered in his docket. He then wrote to his brother requesting him to appear the next morning, and then "took the matter up in the office." This was all the evidence of services rendered. Whether the brother was an attorney and appeared, or whether any services were rendered which contributed to procuring the entry of a dismissal, does not appear. Moreover, the entry was made a few days later. This was within a reasonable time after the agreement to do so, and there appears to have been no occasion for the rendition of services in having this done. For these reasons, the jury should not have been told to take into account, in fixing the amount of damages, the services alleged to have been rendered in procuring the dismissal of the proceedings.

3. MALICIOUS PROSECUTION: damages: evidence.

V. The verdict was in favor of Crane and against the company and the latter insists that, as it acted solely through Crane as its superintendent, if he was without malice or had probable cause, the company necessarily was in the same situation. The information was signed by Griswold. The only authority for doing so from the company was through Crane, who directed him to sign it; for he was without authority in the matter of collections, and therefore pos-

4. AGENCY: authority to prosecute for embezzlement.

sessed of no implied authority to prosecute in behalf of his principal. See *Markley v. Snow*, 207 Pa. 447 (56 Atl. 999, 64 L. R. A. 685) ; 10 Cyc. 1216.

The company participated in no manner, save through Crane, for all it did was to telegraph by the manager of its bond department, in response to Crane's inquiry, "Shall I arrest him?" to lay the matter before its attorney Holt, and be guided by his advice. In pursuance of this instruction, he consulted Holt and, having received his opinion, based on the information received, caused plaintiff's arrest. The International Textbook Company is a corporation and as such could act only through agents, and as Crane was its sole agent, in this matter, it is not perceived on what theory it could have been found that the company was actuated by malice and was without probable cause, and yet that the agent either had probable cause or was without malice. The jury must have concluded that neither had probable cause. Their findings as to Crane necessarily rested on the facts bearing on the guilt or innocence of plaintiff which he knew and, in the exercise of ordinary diligence, should have known, and the company was chargeable with knowledge of no others. The record, as to each, was precisely the same and it was not possible fairly to reach different conclusions as to whether there was probable cause. Nor could the company have been found to have been actuated by malice, unless Crane also was actuated by the same bad motive. It is only by imputing the malice of the agent to the principal that a corporation may be held amenable to a suit for malicious prosecution. 1 Cook on Corp., section 15b. If, then, Crane was not malicious in what he did, there was no malice to impute to the company. On the other hand, if the company is chargeable with malice, Crane must have entertained an evil motive in doing what he did. Manifestly, the verdict in finding for one defendant and against the other was fundamentally

5. MALICIOUS PROSECUTION: agency: joint torts.

.contradictory and was necessarily erroneous as to one or the other. No one can tell which. If the verdict in favor of Crane · was conclusive as to the company, as is contended, then that against the company ·was conclusive as' against Crane. The verdict, in view of the facts, is so anomalous and uncertain that a new trial should have been ordered.

VI. The appeal of the plaintiff is on the ground, among others, that the instruction permitting the verdict returned was erroneous. After directing the jury what items to consider in determining what amount of damages should be allowed and to insert such amount in a form at the end of the instructions this was added: "If you find from the evidence that both of the defendants took part in procuring the plaintiff to be complained against and a warrant to issue and him to be arrested, then you should sign the first form of verdict; but if you find but one of them so procured it to be done and the other did not, you will then sign the second form, filling in the blanks as there provided, and if you find in favor of both of the defendants, you will then sign the third form of verdict." Whether the verdict is attributable to this instruction or was due to the prejudice of the jury, the record fails to disclose. That, in view of the facts, it was erroneous appears from what has been said, and, in the absence of anything rebutting the inference, prejudice must be presumed.

6. VERDICT:
   prejudice:
   presumption.

It follows that the judgment on each appeal must be and is *reversed*.

WEAVER, J.—I concur in this result.