CLARA BELLE FURSTENBURG *v.* GEORGE M. FURSTENBURG.

*Action by Wife—Personal Injury by Husband.*

Code, art. 45, sec. 5, empowering married women to sue for torts committed against them, as fully as if they were unmarried, while it enables a married woman to maintain a separate action on account of a personal tort, does not enable her to maintain such an action against her husband.

*Decided January 28th, 1927.*

Appeal from the Circuit Court for Allegany County (DOUB, J.).

Action by Clara Belle Furstenburg against George M. Furstenburg. From a judgment for defendant, plaintiff appeals. Affirmed.

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, and PARKE, JJ.

*Taylor Morison,* with whom was *William A. Gunter* on the brief, for the appellant.

*Arthur W. Machen, Jr.,* and *Fuller Barnard, Jr.,* with whom were *Alexander Armstrong, John Henry Lewin,* and *Armstrong, Machen & Allen,* on the brief, for the appellee.

URNER, J., delivered the opinion of the Court.

The declaration in this case alleges that the plaintiff, while riding with the defendant in his automobile, at his invitation, was seriously injured as the result of the defendant's negligence in allowing the car to run against the guard wall of a concrete culvert at the side of the public highway on which they were traveling. For the injury thus suffered substantial damages were claimed. The defendant filed the general issue plea to the declaration, and a second plea stating: "That at the time of the commission of the alleged wrongs in the declaration mentioned and for a long time prior thereto the plaintiff was, and has ever since continued to be, and still is, the lawful wife of the defendant; and that the defendant and plaintiff at the time of the commission of said alleged wrongs and for a long time prior thereto were, and have ever since continued to be, and are now, living together as husband and wife in lawful wedlock." To this plea the plaintiff demurred. The court below overruled the demurrer, and, the plaintiff declining to reply, judgment for costs was entered in favor of the defendant, from which the plaintiff has appealed.

It is certain that the common law did not permit such an action to be maintained. The question is whether the right of the wife to sue her husband for personal injuries is conferred by the Maryland statute (Act of 1898, ch. 457, sec. 5; Code, art. 45, sec. 5), which provides: "Married women shall have power to engage in any business, and to contract whether engaged in business or not, and to sue upon their contracts, and also to sue for the recovery, security or protection of their property, and for torts committed against them, as fully as if they were unmarried. Contracts may also be made with them, and they may also be sued separately upon their contracts, whether made before or during marriage, and for wrongs independent of contract committed by them before or during their marriage, as fully as if they were unmarried, and upon judgments recovered against them, execution may be issued as if they were unmarried; nor shall any husband be liable upon any contract made by his wife in her own name and upon her own responsibility, nor for any tort committed separately by her out of his presence, without his participation or sanction."

A practically identical federal statute, applying to the District of Columbia, was construed by the Supreme Court of the United States in a suit by a wife against her husband for assault and battery (*Thompson v. Thompson,* 218 U. S. 611), and it was held that the statute did not authorize the action. The Court said:

"At the common law the husband and wife were regarded as one, the legal existence of the wife during coverture being merged in that of the husband; and, generally speaking, the wife was incapable of making contracts, of acquiring property, or disposing of the same without her husband's consent. They could not enter into contracts with each other, nor were they liable for torts committed by one against the other. In pursuance of a more liberal policy in favor of the wife, statutes have been passed in many of the states looking to the relief of a married woman from the disabilities imposed upon her as a *feme covert* by the common law. Under these

laws she has been empowered to control and dispose of her own property free from the constraint of the husband, in many instances to carry on trade and business, and to deal with third persons as though she were a single woman. The wife has further been enabled by the passage of such statutes to sue for trespass upon her rights in property, and to protect the security of her person against the wrongs and assaults of others. * * *

"In construing a statute the courts are to have in mind the old law and the change intended to be effected by the passage of the new. Reading this section, it is apparent that its purposes, among others, were to enable a married woman to engage in business and to make contracts free from the intervention or control of the husband, and to maintain actions separately for the recovery, security and protection of her property. At the common law, with certain exceptions, not necessary to notice in this connection, the wife could not maintain an action at law except she be joined by her husband. *Barber v. Barber*, 21 How. 582, 589. For injuries suffered by the wife in her person or property, such as would give rise to a cause of action in favor of a *feme sole,* a suit could be instituted only in the joint name of herself and husband. 1 *Cooley, Torts* (3rd Ed.) 472, and cases cited in the note.

"By this District of Columbia statute the common law was changed, and, in view of the additional rights conferred upon married women in section 1155 and other sections of the Code, she is given the right to sue separately for redress of wrongs concerning the same. That this was the purpose of the statute, when attention is given to the very question under consideration, is apparent from the consideration of its terms. Married women are authorized to sue separately for the recovery, security or protection of their property, and for torts committed against them as fully and freely as if they were unmarried. That is, the limitation upon her right of action imposed in the requirement of the common law that the husband should join her was removed by the statute,

and she was permitted to recover separately for such torts, as freely as if she were still unmarried.  The statute was not intended to give a right of action as against the husband, but to allow the wife, in her own name, to maintain actions of tort which, at common law, must be brought in the joint names of herself and husband. * * *

"It must be presumed that the legislators who enacted this statute were familiar with the long-established policy of the common law, and were not unmindful of the radical changes in the policy of centuries which such legislation as is here suggested would bring about.  Conceding it to be within the power of the legislature to make this alteration in the law, if it saw fit to do so, nevertheless such radical and far-reaching changes should only be wrought by language so clear and plain as to be unmistakable evidence of the legislative intention.  Had it been the legislative purpose not only to permit the wife to bring suits free from her husband's participation and control, but to bring actions against him also for injuries to person or property as though they were strangers, thus emphasizing and publishing differences which otherwise might not be serious, it would have been easy to have expressed that intent in terms of irresistible clearness. * * *

"Nor is the wife left without remedy for such wrongs. She may resort to the criminal courts, which, it is to be presumed, will inflict punishment commensurate with the offense committed.  She may sue for divorce or separation and for alimony.  The court, in protecting her rights and awarding relief in such cases, may consider, and, so far as possible, redress, her wrongs and protect her rights."

The decision of the Supreme Court in that case was not unanimous.  Justice Harlan delivered a dissenting opinion, in which Justices Holmes and Hughes concurred.  In their opinion the terms of the statute under interpretation enabled the wife to sue her husband for a personal tort.

The District of Columbia statute provides that married women shall have power to sue "separately" for torts committed against them, while the Maryland statute does not

use the word "separately" in that connection. But the specific intent to empower the wife to maintain a separate suit is clearly manifest. By implied reference the very term just quoted is applied to the wife's right of action, when the next clause provides that she "may also be sued separately," for wrongs independent of contract. This case, therefore, like the one decided by the Supreme Court, presents the question whether a statute authorizing a married woman to sue for a personal tort by separate action, as fully as if she were unmarried, enables a wife to make her husband a defendant in such litigation.

The court below followed the decision of the Supreme Court from which we have quoted, and with the aid of the reasoning and authority of that decision, we have reached the same conclusion. It is fortified in this case by an indication in the enactment and provisions of a later statute that the effect of the one now under construction was not intended to be as broad and unqualified as the appellant suggests. The Act of 1900, ch. 633, sec. 19A (Code, art. 45, sec. 20), provides: "A married woman may contract with her husband and may form a co-partnership with her husband or with any other person or persons in the same manner as if she were a *feme sole,* and upon all such contracts, partnership or otherwise, a married woman may sue and be sued as fully as if she were a *feme sole."* This would have been a wholly superfluous act if the Legislature had understood and intended that under the Act of 1898 a wife was entitled to sue her husband for breach of contract. But that act is equally inexplicit as to the wife's right to sue her husband for personal torts, and there has been no subsequent legislation by which the purpose to confer such a right has been expressed.

It appears to have been the purpose of the Act of 1898 to give the wife a remedy, by her suit alone, for actionable wrongs which could not theretofore be thus independently redressed. The intention to create, as between husband and wife, personal causes of action, which did not exist before

the act, is not, in our opinion, expressed by its terms.    In 13 *R. C. L.* 1395, it is said to be "generally recognized that the Married Women's Property Acts, which enlarge the rights of married women even to such an extent as to permit a wife to sue her husband, does not entitle her to sue him for an injury to her person or character after their marriage, for the reason that whether a husband is liable to his wife therefor is not a mere question of procedure, but of substantial right."

In *Cochrane v. Cochrane,* 139 Md. 530, it was held that, apart from the provisions of sections 5 and 20 of article 45 of the Code, a wife could sue her husband in equity for the protection of her property, and it was said that under those provisions a married woman in this state may maintain an action for that purpose either in a court of equity or in a court of law, and may also be sued separately upon her contracts.    That view is not inconsistent with our conclusion in this case, which is not only supported by the decision of the Supreme Court in *Thompson v. Thompson, supra,* but is in accord with the general weight of authority.    30 *C. J.* 955, and cases there cited.

*Judgment affirmed, with costs.*