JESSIE SCHUBERT, Appellant, v. AUGUST SCHUBERT WAGON COMPANY, Respondent.*

Fourth Department, May 2, 1928.

**Master and servant — negligence of servant — liability of master — wife of servant of corporation may maintain action against corporation to recover damages based on husband's negligence while acting as servant.**

The wife of a servant of a corporation who was injured through the negligence of the servant may maintain an action against the corporation to recover damages for injuries suffered through the negligence of her husband while acting as a servant of the corporation.

APPEAL by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of Oneida on the 9th day of June, 1927.

*James T. Cross*, for the appellant.

*William H. Foster* [*Warnick J. Kernan, Edward J. Burns, Jr.* and *Willis D. Morgan* of counsel], for the respondent.

HUBBS, P. J. The plaintiff, while riding in an automobile, was injured through the negligent act of the driver of another automobile owned by the defendant corporation. The defendant's servant, who was driving the defendant's automobile, was the plaintiff's husband. If the defendant's servant, who caused her injury, had not been her husband, the verdict of the jury in her favor would have been justified.

Does the fact that such servant was her husband deprive her of the verdict? It is conceded that the question has never been determined in this State. It has, however, been determined in other jurisdictions contrary to the plaintiff's contention. (*Riser v. Riser*, 240 Mich. 402; 215 N. W. 290; *Emerson v. Western Seed & Irrigation Co.*, — Neb. —; 216 N. W. 297; *Maine v. Maine & Sons Co.*, 198 Iowa, 1278; 201 N. W. 20.)

---

* Revg. 129 Misc. 578.— [REP.

Those decisions were based upon the ground that a wife cannot maintain an action against her husband to recover damage for injuries received through his negligence, and that she cannot, therefore, recover from the husband's master, as the master's liability depends upon the servant's liability, and as the servant is not liable there can be no secondary liability upon the part of the master.

Under the decisions in this State, a wife cannot recover damages in an action against her husband for negligent injury. (*Perlman* v. *Brooklyn City R. R. Co.*, 117 Misc. 353; affd., 202 App. Div. 822; *Newton* v. *Weber*, 119 Misc. 240.)

In the case of *Allen* v. *Allen* (246 N. Y. 571) the Court of Appeals held that a wife could not maintain an action against her husband for malicious prosecution, reaffirming the rule adopted in *Schultz* v. *Schultz* (89 N. Y. 644). From that decision Judge POUND dissented in a vigorous and exhaustive opinion, in which ANDREWS, J., concurred.

In the light of those decisions, it must be conceded that the plaintiff cannot successfully maintain an action directly against her husband to recover damages for the injury which she received as a result of his negligence.

Those cases do not, however, determine the question involved in the case at bar. This action is not against the husband, but against his employer. We are not bound by any controlling precedent, but must determine the question as an original proposition upon principle with such light as is afforded by the public policy of the State upon somewhat analogous questions.

The reason for the rule preventing the wife from maintaining an action against her husband for a tort at common law has been stated as resting upon various grounds growing out of the marital relation, particularly the fiction of identity, which regarded the husband and wife as one at law. The United States courts and a majority of the State courts have decided that the various statutes relieving married women from the restrictions placed upon them at common law have not had the effect of giving them the right to recover from the husband damages for torts. The courts of certain States have, however, reached the opposite conclusion. The cases from the different jurisdictions are cited in the dissenting opinion of Judge POUND in *Allen* v. *Allen* (*supra*).

The fact that the plaintiff cannot recover against her husband in this case does not, in our opinion, prevent her from recovering against the husband's employer. The reasons given for preventing such a recovery by the learned trial court, and in the cases so decided in other jurisdictions, seem to us to be in conflict with

the present public policy of the law in this State, and out of harmony with economic and social conditions.

Speaking broadly, the Married Women's Act in this State has removed all restrictions upon the contract rights of married women and enabled them to contract with their husbands with the same right and freedom as with third persons. (Dom. Rel. Law, § 51.) At common law, a tort action by a married woman against a third person had to be brought in the name of the husband. The cause of action vested in him and the recovery belonged to him. That has all been changed by statute. Such cause of action now vests in the wife and is maintained for her benefit. (Dom. Rel. Law, § 57.) The law makes the master liable for the negligent injury of a third person by the master's servant while acting in the course of his employment. The negligent injury is a wrong which gives to the injured person a remedy against the master. The negligent and wrongful act of the servant is deemed the act of the master. If a woman is injured by a negligent and wrongful act of a servant, the act is no less negligent and wrongful because the injured person happens to be the wife of the negligent servant. If a negligent act of a servant should result in injury to his wife and a third person, to hold that the third person could recover from the master, but the wife could not, would present, at this day and age, rather an anomalous situation, and one that would not appeal to one's sense of right and justice.

The argument that there can be no recovery against the master for the reason that the master cannot recover over against the servant, because the servant is not legally liable to the injured wife, seems to us to be fallacious. The cases which hold that the master's liability is based upon the negligence of the servant, and that the master cannot be held liable unless the servant was negligent, and that if there can be no recovery against the servant there can be no recovery against the master, do not sustain the defendant's contention. (*Pangburn* v. *Buick Motor Co.*, 211 N. Y. 228; *Hein* v. *Sulzberger & Sons Co.*, 175 App. Div. 465; *New Orleans & Northeastern R. R. Co.* v. *Jopes*, 142 U. S. 18; *Horgan* v. *Boston Elevated R. Co.*, 208 Mass. 287; *Betor* v. *City of Albany*, 193 App. Div. 349; *Featherston* v. *President, etc., of Newburgh & Cochecton Turnpike Road*, 71 Hun, 109.) Those cases decide only that if the servant charged with doing a negligent act did not in fact act negligently, then the master, whose liability is founded upon the doctrine of *respondeat superior*, is not liable, because the alleged negligent act was not in fact negligence, and as the servant was not negligent, the master cannot be held to have been negligent. (*New Orleans & Northeastern R. R. Co.* v. *Jopes, supra.*)

A judgment in favor of the servant in an action against him is a bar in favor of the master, in an action against the master, not primarily because the master in such action is secondarily liable, and the servant primarily liable, but because there has been an adjudication upon the facts that there was no negligence on the part of the servant. In the case at bar it has been expressly found that the servant was negligent. It does not follow, therefore, that there can be no recovery against a master because the servant could not be held liable in an action by the wife against him. A master's liability is not based primarily upon the fact that the servant, who did the negligent act, is liable over to the master for the damages which the master has been compelled to pay to the injured party. The primary liability grows out of the wrong done by the servant while acting for the master. If it be true that the master cannot recover over against the servant who has negligently injured his wife, still we think that fact does not require us to hold that the plaintiff is without remedy against the master to recover for the injury inflicted upon her by the negligent act of the servant.

In *Star Brewery Co.* v. *Hauck* (222 Ill. 348) the court said: " The law makes the master liable to third persons for the negligent conduct of the servant while acting within the line of his duty and in obedience to the master's authority, and this is independent of whether there is any liability of the servant to the master."

Various reasons have been given for holding a master liable for damages resulting from the negligent act of his servant. It has been said that the master is liable because he has employed an incompetent servant, because of the fiction of identity of person between the master and servant, and because the master " sets the whole thing in motion." Also, because the servant acts for the master and the act of the servant is the act of the master. Whatever the reason for the rule of law may be, it has become a fundamental principle of our jurisprudence. (2 Street Foundations of Legal Liability, 456.)

It is urged that it is against the policy of the law to permit a recovery against a master for the negligence of a servant which resulted in injury to the servant's wife, for the reason that it will be permitting her to recover indirectly when she could not recover in an action directly against her husband. If that be conceded, still we are confronted with the fact that it is also against the policy of the law to place the whole burden of loss upon the injured person, and not permit a recovery against the master whose servant has, through negligence, caused the injury and loss.

If one of the two conflicting principles must give way, we prefer to hold that the master's liability may be enforced and the doctrine

of *respondeat superior* maintained without engrafting upon it the exception contended for by the respondent. To hold otherwise would be out of harmony with the present day conception of well-defined economic and social welfare principles. The present day view is that such loss should be distributed by treating it as a business expense to be added to the cost of production and borne by society in general. (23 Columbia Law Rev. 456.)

The order setting aside the verdict should be reversed and the verdict reinstated, with costs.

All concur. Present — HUBBS, P. J., CLARK, CROUCH, TAYLOR and SAWYER, JJ.

Judgment reversed on the law, with costs, and judgment directed in favor of the plaintiff upon the special verdict, with costs.