EDITH M. RIEGGER *v.* BRUTON BREWING
COMPANY

[No. 18, October Term, 1940.]

*Decided October 3rd, 1940.*

The cause was argued before PARKE, SLOAN, MIT-
CHELL, JOHNSON, and DELAPLAINE, JJ.

*Daniel S. Sullivan, Jr.,* and *Symone S. Spector,* for the
appellant.

*J. Nicholas Shriver, Jr.,* for the appellee.

JOHNSON, J., delivered the opinion of the Court.

Is a husband's employer liable to an employee's wife for injuries sustained by her as the result of her husband's negligence while acting within the scope of his employment? This question, which the parties to this appeal agree was raised before the lower court and by that tribunal answered in the negative, must now be determined by this court for the first time, and is raised by this appeal of the plaintiff below from a judgment entered by the trial court after sustaining, without leave to amend, the demurrer of the appellee (defendant below) to appellant's declaration.

At the outset it is proper to state that the authorities in many jurisdictions of the United States where the question has arisen are conflicting, and the adjudications sustaining liability rest in many instances upon different grounds. In some states liability has been declared to exist because of legislative enactments that were held to have removed the common law disabilities of the wife. Thus in Alabama, Connecticut, New Hampshire, West Virginia, and Wisconsin, a wife may maintain a direct action against her husband for injuries sustained through his negligence. In a Florida case (*Webster v. Snyder*, 103 Fla. 1131, 138 So. 755), the reason for the decision is not clear, while in Massachusetts (*Pittsley v. David*, 298 Mass. 552, 11 N. E. 2nd 461), Mississippi (*McLaurin v. McLaurin Furniture Co.*, 166 Miss. 180, 146 So. 877), and Missouri (*Mullally v. Langenberger Bros. Grain Co.*, 339 Mo. 582, 98 S. W. 2nd 645), where the question seems to have been answered affirmatively, an examination of the opinions discloses that the cases were won on other grounds; hence the decision was not necessary nor indeed controlling.

There are, however, decisions in many states answering the question in the affirmative. See *Schubert v. Schubert Wagon Co.*, 249 N. Y. 253, 164 N. E. 42; *Miller v. J. A. Tyrholm & Co.*, 196 Minn. 438, 265 N. W. 324; *Cerruti v. Simone*, 179 A. 257, 13 N. J. Misc. 466; *Broaddus v. Wilkenson*, 281 Ky. 601, 136 S. W. 2nd 1052;

*Koontz v. Messer,* 320 Pa. 487, 181 A. 792; *Poulin v. Graham,* 102 Vt. 307, 147 A. 698; and *Restatement, Law of Agency,* section 217, comment "b".

Of the last cited authorities, perhaps that of *Schubert v. Schubert Wagon Co., supra,* is most often quoted. That decision affirmed the ruling of the Appellate Division, which is reported in 223 App. Div. 502, 228 N. Y. Supp. 604, 609. An examination of the last mentioned opinion discloses that it was based upon the court's conception of "economic and social welfare" principles to the effect that "any loss to the employer should be treated as a business expense." It was added that the cost of production should be borne by society in general.

The New York Court of Appeals, in an opinion by Chief Judge Cardozo, rejected the holding of the highest courts of Iowa, Michigan, and Nebraska, stating that under the New York Domestic Relations Law, Consol. Laws, ch. 14, sec. 57, a married woman had a right of action for personal injuries against her husband's employer, and the disability of spouses to maintain an action against each other was an exception engrafted upon that rule "by authority and tradition." It was further stated that the argument for non-liability to the wife of the husband's employer for negligence of the husband was to confuse culpability with liability. Such a contention, however, avoids the fact that liability and not culpability is the true basis for the doctrine of *respondeat superior. United Transportation Co. v. Jefferies,* 211 Ind. 226, 5 N. E. 2nd 524; *White v. International Textbook Co.,* 150 Iowa 27, 129 N. W. 338; *Loveman Co. v. Bayless,* 128 Tenn. 307, 160 S. W. 841; *Blaen Avon Coal Co. v. McCulloh,* 59 Md. 403.

The argument for liability, upon the basis of the weight of authority, rests mainly upon the above cited decisions, plus the further fact that it is supported by the Restatement. Such an argument loses much force when the decisions are closely examined, since they follow the reasoning of *Schubert v. Schubert Wagon Co., supra,* holding (a) that in some of the states married

women's acts permit such actions, or (b) that the common law is archaic, or (c) that the Restatement (section 217, Comment "b"), which apparently follows the Cardozo decision, correctly states the law.

In Maryland, our married women's acts have not been interpreted as entirely abrogating the common law. See *Furstenburg v. Furstenburg,* 152 Md. 247, 136 A. 534 and *David v. David,* 161 Md. 532, 157 A. 755.

Professor Casner, annotating the Restatement of the Law of Agency, section 217, Comment "b", while conceding that this court has not extensively discussed the problem, states that indications from existing decisions are "in accord" with the principles of the Restatement (*Md. Annot. Restatement Law of Agency,* page 123), but the decisions cited and discussed by him would not seem to justify his conclusion, for generally speaking they are assault and battery cases involving railroad companies, and in all of them this court held it to be the duty of the trial court to determine whether the servant was acting solely as a police officer or solely as a servant of the carrier. See *Balto. & O. R. Co. v. Deck,* 102 Md. 669, 62 A. 958; *Tolchester Co. v. Scharnagl,* 105 Md. 199, 65 A. 916; *Baltimore C. & A. R. R. Co. v. Twilley,* 106 Md. 445, 67 A. 265; and *Baltimore C. & A. R. R. Co. v. Ennalls,* 108 Md. 75, 69 A. 638.

The court, in *Furstenburg v. Furstenburg, supra,* construing Code, art. 45, sec. 5, held that a wife could not maintain an action against her husband for a personal tort. In that opinion the decision of *Thompson v. Thompson,* 218 U. S. 611, 31 S. Ct. 111, 54 L. Ed. 1180, construing a federal statute similar to our own, was followed. In both cases the holdings were based upon a finding that such an action did not exist in favor of the wife at common law, and her rights had not been so enlarged by statute as to permit the action.

Subsequently, in *David v. David, supra,* we held that a married woman could not maintain an action to recover for personal injuries against a partnership of which her husband was a member. It was there said, "The rule

at common law is that a married woman cannot maintain an action against her husbnd for injuries caused by his negligent or tortious act. 30 *C. J., 'Husband and Wife,'* secs. 317, 675. The reason usually given for that rule is the presumed legal identity of the husband and wife (*Ibid*: *Philips v. Barnet* (1876), 1 Q. B. D. 436) and some confusion has arisen from the adoption of legislation which has had the effect of partially dissipating that fiction, by permitting suits between husband and wife to enforce contractual liabilities, by according to each the same rights and privileges in respect to property they would have if unmarried, by permitting the wife to carry on a trade or business, and to receive and enjoy her earnings from any source as freely as if single, and to sue in her own name for torts against her. Coincident with the widening scope and extent of such legislation, there has been a determined effort to have it construed so as to permit actions between husband and wife for damages resulting from some wrongful or negligent act of the defendant, and in some jurisdictions it has been so construed (*Johnson v. Johnson*, 201 Ala. 41, 77 So. 335; *Fitzpatrick v. Owens*, 124 Ark. 167, 186 S. W. 832, 187 S. W. 460; *Brown v. Brown*, 88 Conn. 42, 89 A. 889; *Gilman v. Gilman*, 78 N. H. 4, 95 A. 657; *Fiedler v. Fiedler*, 42 Okla. 124, 140 P. 1022) usually on the ground that with the disappearance of the fiction of identity, the reason for the rule denying persons in the relation of husband and wife the right to sue each other in tort ceased. But that view has been rejected by what seems to be the weight of authority, not only upon the technical and artificial ground that the identity of husband and wife persists in its original vigor until it has been completely dissolved by express legislative mandate, in respect to all matters which the Legislature has not expressly included within the meaning of the emancipatory statutes, but upon the broader sociological and political ground that it would introduce into the home, the basic unit of organized society, discord, suspicion, and distrust, and would be inconsistent with the common welfare.

It is thus observed that we have held, not only that a wife cannot maintain an action against her husband for personal injuries, but as well, upon similar reasoning, that no liability to her exists from a partnership of which her husband is a member, even when the negligence causing her injuries was that of an employee of the partnership. We have also held that a parent cannot maintain an action against his child for personal injuries caused by the negligence of the latter. *Schneider v. Schneider*, 160 Md. 18, 152 A. 498, 500. In the last cited case it is said: "We need not dwell upon the importance of maintaining the family relation free for other reasons from the antagonisms which such suits imply. 'Both natural and politic law, morality, and the precepts of revealed religion alike demand the preservation of this relation in its full strength and purity.'"

If in the present case we follow the reasoning of those decisions, it would seem illogical to hold that the husband's employer is liable to appellant under the circumstances shown by the declaration, for no right of action is permitted by the wife against her husband, and the wife's right of action against appellee must arise solely because of the negligence of its agent (in this case her husband) acting within the scope of his employment. To hold that the employer is liable because of the acts of its agent against whom no liability exists in favor of the person injured would result in holding appellee liable notwithstanding her inability to have legal redress against the person causing her injuries. Such a holding would, in our opinion, be entirely inconsistent with the rule in Maryland to the extent it has been declared by our previous decisions, and the result would be to permit the wife to do indirectly what admittedly she may not do directly.

In addition to the Maryland cases already cited, see *Wolf v. Bauereis*, 72 Md. 481, 19 A. 1045; *Emerson v. Taylor*, 133 Md. 192, 104 A. 538; and *Wolf v. Frank*, 92 Md. 138, 48 A. 132; also 27 *Georgetown L. J.* 697, and 43 *Harvard L. R.* 1030.

Furthermore, if appellee is liable to the wife, it may sue and recover against her husband, the actual wrong-doer. *Chesapeake & O. Canal Co. v. Allegany County,* 57 Md. 201; *Balto. & O. R. Co. v. Howard County,* 111 Md. 176, 73 A. 656, and 113 Md. 404, 77 A. 930. Concerning such a situation the appellate court of Tennessee in *Raines v. Mercer,* 165 Tenn. 415, at page 420, 55 S. W. 2nd 263, 264 has said, "since the defendant in error could not maintain her action against her husband, alleged to be directly responsible for her injury, she could not avoid the forbidden frontal attack by an encircling movement against (the employer) who had no part in the negligent transaction."

The same reasoning was given in *Emerson v. Western Seed & Irrigation Co.,* 116 Neb. 180, at page 185, 216 N. W. 297, and *Myers v. Tranquility Irrigation District,* 26 Cal. App. 2nd 385, at pages 389, 390, 79 P. 2nd 419. It cannot logically be contended that to permit the action would not result in a disturbance of the family relationship, creating discord and suspicion, which elements are the basis for the common law rule of non-liability. *David v. David, supra.*

And in many other jurisdictions not previously considered in this opinion, the rule denying liability to the wife as against her husband's employer for injuries caused by the negligence of her husband has been followed. *Maine v. James Maine & Sons Co.,* 198 Iowa 1278, 201 N. W. 20; *Riser v. Riser,* 240 Mich. 402, 215 N. W. 290; *Sacknoff v. Sacknoff,* 131 Me. 280, 161 A. 669, 670.

In the case last cited a statute very similar to our own (Code, art. 45, sec. 5) was construed, and in the course of that opinion the court said: "This statute, being in derogation of the common law, has been construed strictly. 'The provision * * * authorizing a married woman to prosecute suits at law in her own name, as if unmarried, refers to those by the wife against third persons, * * * and not to those against her husband.' * * *

'It relates to cases when, by the very assumption, the husband may be a party with the wife, or may not, at her election.' * * * And: 'It only authorizes her to maintain alone such actions as previously could be sustained when brought by the husband alone or by the husband and wife jointly. It enlarges not her right of action, but her sole right of action. It does not enable her to maintain suits which could not have been maintained before, but to bring in her own name those which before must have been brought in the husband's name, either alone or as a party plaintiff with her.' * * * "

In conclusion, it may be said that whatever the rule is elsewhere upon the subject, the logic of the decisions which deny liability seems to us to be more consistent with the views heretofore expressed by us in cases (a) denying the right of a wife to maintain a suit similar in character to the one under consideration against her husband, (b) holding that she has no right of action for similar injuries against the partnership of which her husband is a member, and (c) holding that a parent cannot enforce such an action against his child. Indeed, the reasoning of those decisions would seem logically to commit us to the further step of holding that, under the circumstances considered, a right of action in favor of the wife against the employer does not exist.

It follows that the action of the trial court was correct in sustaining, without leave to amend, the demurrer to appellant's declaration and that the judgment appealed from must be affirmed.

*Judgment affirmed, with costs.*