JUDITH MALAMENT, an Infant, by EVELYN MALAMENT, Her Guardian ad Litem, et al., Respondents, v. JULIUS LIDSKY, Appellant and Third-Party Plaintiff. HARRY MALAMENT, Third-Party Defendant.

First Department, December 16, 1953.

*Emile Z. Berman* of counsel (*Louis Helfenstein* with him on the brief; *Frederick Mellor,* attorney), for appellant.

*Ralph Stout* of counsel (*Louis H. Levine* with him on the brief, attorney), for respondents.

DORE, J. Plaintiffs, the wife and two infant children of Harry Malament, an employee, truck driver, of defendant-appellant, Julius Lidsky, owner of the truck in question, have recovered, after trial before the court and a jury, judgments totalling over $50,000 against defendant Lidsky, the employer. Lidsky appeals.

The accident causing the injuries to plaintiffs happened in 1947 in Maryland, when Malament, the employee, with his wife and his two children on Lidsky's truck, was driving it back to New York after a trip thereon from New York to Virginia. Defendant employer, a contractor, had a job in Virginia; the employee testified that he suggested using the truck to bring some of defendant's building materials to the Virginia job from New York, and asked Mr. Lidsky if he could take his (the employee's) family with him on the trip; and claimed he procured the employer's express permission to do so. The employee's family consisted of his wife and two infant children, one, two years old; the other, six at the time in question. The employer denied he authorized the use of the truck for the trip to Virginia; emphatically denied that he had permitted his employee to take the employee's wife and family thereon; and affirmatively testified that when he found them all on his truck in Virginia, he thereafter ordered the employee to return his wife and children to New York by railroad and not to dare put them back on the truck.

On the return trip to New York the accident happened in Maryland north of Washington, D. C. Concededly the employee's wife and his six-year-old child were seriously injured; the verdict for personal injuries in the wife's favor was $35,000; for the six-year-old infant $14,000; and for the two-year-old infant $1,000, totalling with costs over $50,000.

The sole basis for predicating any liability against the employer, owner of the truck, is the employee's testimony that the brakes, the steering wheel and the tires of the truck were dangerously defective; that the employee, the driver, had informed the employer of these defects four or five times before the accident; and that in spite of such notice and knowledge, the employer permitted the truck to be used in such dangerously defective condition, and permitted the employee's wife and infant children to ride therein without warning them of the known dangerous conditions.

As the accident happened in Maryland, the law of Maryland controls. In my opinion, the learned trial court correctly charged the jury that under Maryland law the employee's wife and two infant children were not permitted to recover any damages against the employer for injuries sustained as a result of any negligence of the employee, the husband and father (*David* v. *David,* 161 Md. 532; *Riegger* v. *Bruton Brewing Co.,* 178 Md. 518; *Furstenburg* v. *Furstenburg,* 152 Md. 247); and he also correctly charged that the sole negligence that could be

predicated against the employer was his alleged improper maintenance of the truck with knowledge of the dangerously defective conditions in brakes, steering wheel and tires; and that, if the jury found the employer had such knowledge and the employer's negligence flowing therefrom caused or contributed to cause the accident, even if it concurred with the employee's negligence, then the jury might find defendant employer liable. Defendant took no exception to these charges. At defendant's request and without exception, the trial court also charged that to hold defendant owner liable, the jury must find that the truck was defective in the manner claimed; that defendant employer had actual knowledge of the claimed defective conditions; and with such knowledge failed to warn plaintiffs, the wife and children of the truck driver, employee, of such conditions and of the risk involved.

Originally, defendant employer had filed a third-party complaint against his employee as a third-party defendant; but at the close of the testimony, the trial court ruled that the claimed negligence of the employer was not derivative based on the rule of *respondeat superior,* but " independent " negligence; and, if the jury found that the employer's negligence in his failure properly to maintain and repair the truck was the sole or concurring cause of the accident and the injuries, then the employer would be guilty of active negligence, he would be an active joint tort-feasor with his employee; and, accordingly, he could have no recovery over against his employee. With that ruling defendant's counsel expressly concurred, and immediately asked leave to discontinue his third-party action against the employee. Such leave was granted.

On the law of the case, therefore, as above indicated, defendant may not in this court raise any issue with regard to the charge or the dismissal of the third-party action.

Nevertheless I think the judgment in plaintiffs' favor may not stand and a new trial should be ordered. The employee, driver of the truck at the time of the accident, swore that when he took the truck with his wife and his two infant children round-trip from New York to Virgina, he then knew that the braking mechanism was " absolutely useless ", and the steering wheel and tires were " no good "; and, although apparently a good family man, to whom his family meant everything in the world, he took them on a truck thus fatally defective and wholly failed to warn them of the allegedly dangerous defective conditions.

In this case no disinterested witnesses and no expert testified as to the presence or extent of the claimed fatal defects at the

times in question or their relation to the proximate cause of the accident. Plaintiffs' case rests solely on the testimony of the employee, the operator of the truck, a most interested witness, the husband and father of the injured plaintiffs, who says that he exposed his whole family and himself to travel about seven hundred miles round-trip from New York to Virginia and back in a truck that had three fatal defects anyone of which would eventually cause a disaster on a trip of such length; that he himself was fully informed of the defects, that he had fully informed his employer, but not his own family; and that the sole cause of the accident and the injuries were these very defects. In my opinion, it is inherently improbable that a man such as this employee, if the claimed dangerous defects existed, and if he actually had the claimed knowledge thereof, would thus expose himself and his whole family to almost certain disaster on a totally unnecessary trip suggested by himself.

Doubtless the jury felt sympathy for the grievously injured wife and children and sought in some way to give them damages but, of course, at somebody else's expense.

In the light of all the surrounding facts and circumstances, the employee's testimony is so wholly inconsistent with normal, human behavior as to be against the weight of the credible evidence. These improbabilities are directly connected with the sole basis on which defendant is held, namely, his claimed active knowledge of the three dangerously defective conditions obtained solely from claimed repeated reports of his employee. There being no other proof of any basis for the employer's liability, the finding of the jury, in this respect implicit in its verdict, is against the weight of the evidence and a new trial should be ordered.

The improbability of Malament's testimony is further indicated by the fact that when defendant acquired the truck, arrangements were made to have it immediately repaired and overhauled by a Ford agency, a reputable automobile service corporation. In fact the truck was being delivered for such adjustments and repairs as were found necessary, when the truck caught fire. Malament, nevertheless, claimed that immediately after repairs were made at a cost of over $500, the steering apparatus and the brake mechanism were in a fatally defective condition.

Accordingly, for the reasons stated, the judgment in plaintiffs' favor should be reversed and a new trial ordered, with costs to abide the event.

PECK, P. J. (dissenting in part). With much of the court's opinion I agree, but I am not persuaded that the Maryland law is in accord with the trial court's charge, although concurred in by defendant's trial attorney, and I see no occasion for another trial.

It is doubtful that the vehicle in which the plaintiffs were riding at the time of the accident was as defective as their husband and father, the driver of the car, claimed it to be. Giving full credence, however, to his testimony, we have a case where the head of a family was consciously driving a murderous vehicle and chose for his purposes to take his family on the ride. When the inevitable happened, he wants to shift the loss to his employer, the owner of the vehicle.

The gross and what can only be labeled criminal negligence of the driver in taking his family in the car is admitted. I think it is clear, moreover, that the negligence of the driver did not stop there, although that is where the alleged negligence of the defendant stopped. The accident was due principally, if not entirely, to the way the car was being driven at the time of the accident. It is the testimony of the driver that the only time he had trouble with the car was when the weather was wet, and that nevertheless he drove the car at the same speed under those conditions as under favorable weather conditions. At the time of the accident, when the road was wet, he was driving at between thirty and thirty-five miles an hour. To my mind this was clearly negligent operation of the car, in the light of the claimed condition of the car and known condition of the road.

Certainly the primary negligence and the primary responsibility for this accident rest upon the driver of the car. I think that it is the sense and spirit of the Maryland law in such a case that the wife and children of the one primarily at fault may not recover against his employer. In my view the complaint should have been dismissed at the end of the plaintiffs' case in accordance with the motion made by defendant at that time.

COHN, CALLAHAN and BREITEL, JJ., concur with DORE, J.; PECK, P. J., dissents in part and votes to dismiss the complaint, in opinion.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.