■ MARCO P. DI SUVERO, Respondent-Appellant, v. GEM WINDOW CLEANING CO., INC., Appellant, and HOWARD C. FORBES, INC., Respondent, et al., Defendants.— Judgment appealed from unanimously reversed on the law and the facts, with $50 costs to the defendant-appellant, and the complaint dismissed. Plaintiff's cross-appeal as to defendant Howard C. Forbes, Inc., is dismissed. Plaintiff, an occasional employee of one Schulemowitz, who operated under the name of Durabuild Construction Co. (Durabuild) was assisting his employer in the delivery of a long board to an upper floor of premises 120 West 57th Street on March 26, 1960, when an accident occurred in which plaintiff sustained serious and severe injuries while riding on top of the elevator. Plaintiff and his employer had placed the board on top of the elevator and both elected to ride there also. Neither had been told or instructed to ride on top of the elevator by appellant's employees. Plaintiff testified he went there of his own free will and there was no question of his being fired if he refused to do so. The elevator, which was automatic, was then being operated by an employee of appellant Gem Window Cleaning Co., Inc. (Gem). There is a conflict in testimony as to who originally suggested the use of the top of the elevator for that purpose — that is, whether it was Gem's superintendent or plaintiff's employer. However, plaintiff testified that before they returned to the building in the afternoon — following an earlier morning trip, he and his employer had already decided to put the board on the top of the elevator. Such a method constitutes a violation of the Administrative Code (§ C26–1178.0). The employee of Gem who operated the elevator at the time of the accident is described in the record as a porter-watchman who only worked in this building on Saturdays and who at that time had a poor understanding of the English language. His reluctance to operate the elevator for plaintiff and plaintiff's employer was overcome by their representation that appellant's building superintendent had approved or authorized the procedure. Such approval or authorization was denied by the superintendent. Gem's employee was not an elevator operator nor had he been schooled or trained in the operation of the mechanism or how to convert the elevator from automatic to manual operation. Gem, of course, can only be held liable if such employee was acting within the general scope of his employment while engaged in Gem's business and the act done with a view to advancing that business and in furtherance of his employer's interests (*Higgins* v. *Western Union Tel. Co.*, 156 N. Y. 75; *Schubert* v. *Schubert Wagon Co.*, 223 App. Div. 502, affd. 249 N. Y. 253). The employee testified without contradiction that he had been told by plaintiff's employer if he helped they would take care of him good. The orders for the operation of the elevator came from plaintiff and plaintiff's employer. On this record it is clear that Gem's employee was not acting within the scope of his employment at the time of the accident and Gem cannot be held liable. Such person was acting in Durabuild's interest and for that purpose may fairly be considered at that time to have been an *ad hoc* employee of Durabuild. Concur — Breitel, J. P., Valente and Eager, JJ.; McNally and Stevens, JJ., concur in the following memorandum by McNally, J.: I concur for reversal but would add the ground that plaintiff was contributorily negligent as a matter of law. Plaintiff voluntarily placed himself in a position of danger on top of an ascending elevator with a large piece of lumber. There

were alternative means of delivery, any one of which would have prevented the accident. The board could have been inserted into the cab through the hatchway from above so that only a small portion of it would have extended above the cab; lashed to the cables and thus render it unnecessary for anyone to ride with it on top of the elevator; hoisted up the shaft by means of a hoist and pulley arrangement; or hoisted up from outside the building by suitable rigging. Where a safe course is available and an unsafe course is selected contributory negligence is present as a matter of law. (*Utica Mut. Ins. Co.* v. *Amsterdam Color Works,* 284 App. Div. 376, affd. 308 N. Y. 816; *Lyon* v. *Socony-Vacuum Oil Co.,* 268 App. Div. 788, affd. 293 N. Y. 930; *Fillis* v. *Wahlig,* 267 App. Div 781, affd. 293 N. Y. 710.)