Frank S. KRICK and Mary J. Krick,
his wife, Plaintiffs,

v.

Daniel E. CARTER, Charles Carter, Defendants and Third Party Plaintiffs,

v.

Frank S. KRICK, Third Party
Defendant.

Civ. A. No. 78–442.

United States District Court,
M. D. Pennsylvania.

Sept. 27, 1979.

Lee C. Swartz, Hepford, Zimmerman & Swartz, Harrisburg, Pa., for plaintiffs.

James K. Thomas, II, Harrisburg, Pa., for Daniel and Charles Carter.

Craig A. Stone, James W. Evans, Harrisburg, Pa., for Frank Krick.

## MEMORANDUM

HERMAN, District Judge.

Plaintiffs initiated the present civil action on May 10, 1978, asserting the diversity jurisdiction of this court. Plaintiffs, husband and wife, are both residents of the state of Maryland. Defendants are both residents of the Commonwealth of Pennsylvania. The action concerns damages allegedly resulting from an automobile accident that occurred on June 19, 1976, in York County, Pennsylvania. On July 17, 1978, Defendants joined the husband, Frank S. Krick (hereafter referred to as "Mr. Krick"), as a Third Party Defendant jointly or severally liable with Defendants or liable over to Defendants on Plaintiffs' cause of action. Mr. Krick was the owner and operator of one of the vehicles involved in the accident, and his wife was a guest in that vehicle.

The issue presented in this motion to dismiss the Third Party Defendant or for summary judgment is simply which state's substantive law will apply. If Maryland law is applicable, Third Party Defendant is immune from an action by his wife for personal injuries resulting from his negligent operation of an automobile. *Furstenburg v. Furstenburg*, 152 Md. 247, 136 A. 534 (1927); *Hudson v. Hudson*, 226 Md. 521, 174 A.2d 339 (1961); *Stokes v. Association of Independent Taxi Operators, Inc.*, 248 Md. 690, 237 A.2d 762 (1968). Furthermore, under Maryland law no right of contribution exists from Mr. Krick as a third party defendant for his wife's injuries. *Ennis v. Donovan*, 222 Md. 536, 161 A.2d 698 (1959). If on the other hand, Pennsylvania law is applicable, both parties agree that Mr. Krick is not immune from liability for contribution as a third party defendant. *See Restifo v. McDonald*, 426 Pa. 5, 230 A.2d 199 (1967).

Third Party Defendant advances two bases for applying the law of Maryland to the present action. First, he argues that Pennsylvania's choice of law principles require the application of Maryland law. Second, he contends that the Pennsylvania No-Fault Motor Vehicle Insurance Act of July 19, 1974, No. 176, 40 P.S. § 1009.-110(c)(2) provides that Maryland law applies. Because we find that neither of these grounds requires us to apply Maryland law and because we find that Pennsylvania law should be applied, we deny the motion of the Third Party Defendant.

The first hurdle we face is to apply the proper choice of law principles. This problem has been settled definitively for us

by the United States Supreme Court in *Klaxon Company v. Stentor Electric Manufacturing Company, Inc.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The Court held that when federal jurisdiction is founded on diversity of citizenship, as it is here, the court must apply the choice of law principles of the state in which the court is sitting. *Accord, Neville Chemical Company v. Union Carbide Corporation*, 422 F.2d 1205 (3d Cir. 1970). We have no hesitancy, therefore, in concluding that we must apply the choice of law principles established by the courts of the Commonwealth of Pennsylvania.

■ The leading Pennsylvania case in a tort action choice of law decision is *Griffith v. United Air Lines, Inc.*, 416 Pa. 1, 203 A.2d 796 (1964). *Griffith* has been cited and explained often by both federal and Pennsylvania courts and a very brief synopsis will suffice. Under *Griffith*, a court must evaluate the quality of each relevant state's contacts with and interests in the litigation to find the predominantly concerned state. The depth and breadth of the states' policies and concerns must be measured with regard to the specific occurrence at issue. Both parties agree about the basic impact of *Griffith*. Plaintiffs' Brief, p. 5; Defendants' Brief, p. 3. They part company in their reasoning and arguments in the application of the *Griffith* formula at this point.

Because we have been referred to, and have found for ourselves, no Pennsylvania decisions directly on point with this matter, we must predict what the Pennsylvania courts would rule in such a situation. *Keystone Aeronautics Corporation v. R. J. Enstrom Corporation*, 499 F.2d 146 (3d Cir. 1974). We will, therefore, discuss in some detail the arguments so ably advanced by both parties.

Third Party Defendant presents a well-reasoned discussion pointing to *McSwain v. McSwain*, 420 Pa. 86, 215 A.2d 677 (1966), as the most important decision for this court to follow in our deliberations. In *McSwain*, a wife domiciled in Pennsylvania sued her husband, also domiciled in Pennsylvania, under a Colorado statute for the death of her daughter in an accident that occurred in Colorado. The Pennsylvania Supreme Court affirmed the lower court's decision to apply the Pennsylvania intramarital immunity in direct tort actions and noted that courts must consider the interests of the state in having its law applied. The court reasoned:

Presumably, Colorado has made its determination to permit such suits with its own domiciliaries primarily in mind. In the instant case, however, we deal with a suit between Pennsylvania domiciliaries. Any effect which this litigation may have on the marital relations of the parties is a matter of concern primarily to Pennsylvania, the state which has the basic "responsibility for establishing and regulating the incidents of the . . . relationship" of the parties. *Emery v. Emery*, 45 Cal.2d 421, 428, 289 P.2d 218, 223 (1955). And, although Colorado, as the state of both the conduct and injury could assert an interest in this litigation in order to further the deterrence of negligent conduct on its highways and to secure, in the event of insurance, a fund for the payment of local creditors, those interests would not be disserved by the application of the Pennsylvania rule of interspousal immunity in the instant case.

420 Pa. at 95–96, 215 A.2d at 682–683 (footnote omitted).

We note that under this rationale, the only Pennsylvania law that was applied from the court's decision concerned interspousal immunity. The court indicated in a footnote that the issues involving liability and negligence could be determined by Colorado law. The court regarded it as "sufficient for present purposes that we note that in the event of conflict each issue requires separate and independent analysis." 420 Pa. at 96 n.20, 215 A.2d at 683 n.20.

■ The Third Party Defendant concludes, and we agree, that Maryland has a superior interest in preventing Maryland domiciliaries from maintaining direct actions against each other in Pennsylvania. Indeed, had Plaintiff Mary J. Krick brought this action in Pennsylvania against her hus-

band, we would hasten to apply the Maryland immunity if Pennsylvania had no such direct action immunity. The *McSwain* decision would clearly dictate such a result, and we would be compelled to follow it. But this is not such a case and other considerations enter our deliberation. In an oft-cited rationale for disallowing interspousal immunity for a right of contribution, the Pennsylvania Superior Court drew a strong distinction between a direct action against the spouse and a right of contribution against the spouse in favor of the original defendant. *Fisher v. Diehl*, 156 Pa.Super. 476, 40 A.2d 912 (1945). The court declared:

> The action of the court below was not equivalent to permitting an action by the wife against her husband. Her husband is not a party defendant to the action so far as she is concerned. The judgment against him, as restricted by the Court, is not enforceable by her, nor does it enure to her benefit. It is simply a judgment enuring to the benefit of the original defendant if he pays or is required to pay the wife's judgment . . . .

156 Pa.Super. at 483–84, 40 A.2d at 917. This is the Pennsylvania view of the right of contribution as applicable to interspousal immunity.

Maryland, Mr. Krick asserts, bases its intramarital immunity on the admirable policy of maintaining domestic tranquility and avoiding marital discord. That is *not*, however, the reasoning behind its refusal to allow a right of contribution against a spouse. Mr. Krick referred us to a leading Maryland decision denying such a right of contribution, *Ennis v. Donovan, supra,* 222 Md. 536, 161 A.2d 698 (1960), and we have carefully examined its rationale. The right of contribution was refused, not to prevent discord, but solely because the right was derivative under Maryland law and could not exist when a direct action between the parties could not be brought. 161 A.2d at 699–700.

■ We conclude, therefore, that Maryland's interests in protecting the marital relations of its domiciliaries are fully satisfied by the absence of any direct action between Mr. and Mrs. Krick. The potential liability to the original defendant that faces Mr. Krick does not imperil his family relations under either the Maryland policy or the Pennsylvania policy. Maryland's prohibition against the right of contribution against a spouse by an original defendant does exist, but it is founded on fundamentally different policy considerations than preserving domestic tranquility.

We must decide now, absent the otherwise compelling interest of Maryland in family affairs, which state's law will apply to the matter before us. Merely finding that Maryland's interest in protecting the family is not the paramount consideration before us does not resolve the matter. We must evaluate the other interests and contacts involved in this question.

Defendants rely heavily on a decision of the Pennsylvania Supreme Court that withdrew somewhat from the *Griffith* abandonment of the lex loci approach. *Cipolla v. Shaposka*, 439 Pa. 563, 267 A.2d 854 (1970). The court was faced with deciding whether Pennsylvania or Delaware law applied to an action flowing from an automobile collision in Delaware. Under Delaware law, a guest statute would have barred Cipolla's suit against his driver, whereas under Pennsylvania law, no such impediment to a recovery existed. Delaware insulated hosts from liability to their guests, and Pennsylvania permitted recovery by guests. The passenger, Cipolla was a Pennsylvania resident and the driver Shaposka was a Delaware domiciliary.

■ In finding that Delaware law applied and the driver was protected by the statute, the court remarked, "Also, it seems only fair to permit a defendant to rely on his home state law when he is acting within that state." 439 Pa. at 567, 267 A.2d at 856 (footnote omitted). A further indication of the weight to be given certain interests is found in a later comment of the court:

> Inhabitants of a state should not be put in jeopardy of liability exceeding that created by their state's law just because a visitor from a state offering higher pro-

tection decides to visit there. This is, of course, a highly territorial approach, but "departures from the territorial view of torts ought not to be lightly undertaken." *Gordon v. Parker*, 83 F.Supp. 40, 42 (D.Mass.1949).

439 Pa. at 567, 267 A.2d at 856–57.[1] We further note the interest of Pennsylvania in deterring negligent conduct on its highways.

▇ Mr. Krick's second contention is that section 110(c)(2) of the Pennsylvania No-Fault Motor Vehicle Insurance Act, 40 P.S. § 1009.110(c)(2), somehow bears on the issue at hand. That section provides, in relevant part:

> The right of a victim or of a survivor of a deceased victim to sue in tort shall be determined by the law of the state of domicile of such victim.

We are not dealing with the right of the victims to sue here. This section is of no relevance to the issue regarding Defendants' action against a third party defendant.

We hold, therefore, that the Maryland law of interspousal immunity for all instances in which the spouse of a plaintiff is joined as a third party defendant does not here apply. We are convinced that a Pennsylvania court examining this situation would apply Pennsylvania law in reliance on *Cipolla* and permit the joinder of Mr. Krick as a third party defendant. We will deny the motion to dismiss and the motion for summary judgment with an appropriate order.

---

**1.** We could have, it seems, based our decision not to apply Maryland law on this apparently dispositive passage from Pennsylvania's highest court. We did not do so, however, because of the vital distinction between the state interests involved. The interest at issue under this view in *Cipolla* was a policy decision to avoid potentially fabricated claims and to protect drivers. The interspousal immunity, on the other hand, is solely to preserve the family relationship. The differences between the two interests prevent us from relying solely on *Cipolla* as Defendants urge in their brief.